IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MIGUEL MEJIA, ) | |
| ) | CIVIL ACTION FILE NO. CV 222-087 |
| Plaintiff, ) | |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| REID'S APOCETHARY and ) | |
| CHRISTOPHER GANTT, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, Miguel Mejia ("Plaintiff" or "Mejia"), by and through his undersigned counsel, files this Complaint against Defendants Reid's Apothecary and Christopher Gantt pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage and overtime provisions of the Act by Defendants which have deprived the named Plaintiff of his lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendants, working as a dishwasher for Defendants in Brunswick, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an amount equal to minimum wage and an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages (to compensate him for the delay in payment of money due which Defendants instead used as working capital) as well as attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III.  PARTIES

7. Plaintiff MIGUEL MEJIA resides in Fort Lauderdale, Florida.  Mejia was employed by the Defendants as a dishwasher.  He worked for Defendants within this District.  Plaintiff worked solely within the State of Georgia.

8. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

9. Defendant REID'S APOTHECARY is a corporation which conducts business within this State and District and maintains its principal place of business at 1618 Newcastle Street, Brunswick, Georgia 31520.[1]  REID'S APOTHECARY is a restaurant which provides food to the general public.

10. REID'S APOTHECARY is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner and operator, Christopher Gantt at 1618 Newcastle Street, Brunswick, Georgia 31520.

---

[1] Reid's Apothecary is not registered to conduct business with the Georgia Secretary of State.  To the extent Reid's Apothecary is registered to do business with the Georgia Secretary of State under another name, Plaintiff respectfully reserves the right to amend his Complaint to add or include the properly-named corporate entity.

11. Defendant REID'S APOTHECARY maintains actual and constructive control, oversight, and direction over the operation of its employees.

12. Defendant CHRISTOPHER GANTT is the owner and operator of REID'S APOTHECARY, and has actual and constructive control, oversight, and direction over the day-to-day operations of REID'S APOTHECARY, including, but not limited to, the compensation (or in Plaintiff's case, lack thereof) of REID'S APOTHECARY employees and the hours those employees work.

13. At all times material to this action, Defendant REID'S APOTHECARY was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant REID'S APOTHECARY utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant REID'S APOTHECARY regularly utilizes food and materials manufactured outside the state of Georgia for the benefit of Defendant REID'S APOTHECARY clients. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant REID'S APOTHECARY business. Upon information and belief, at all times material to this action, Defendant REID'S APOTHECARY has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

14. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

### IV.  CLAIMS

### COUNT 1- Violations of the minimum wage provisions of the FLSA

16. Defendants employed Plaintiff as a dishwasher in Brunswick, Georgia

17. Plaintiff was employed by Defendants between December 11-19, 2021.

18. Plaintiff was told he would be paid ten dollars and zero cents ($10.00) per hour.

19. During of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was not compensated for any work.  Plaintiff worked at least nine hours per day (typically 3:00 p.m. to 12:00-1:00 a.m.), between December 11-19 (with the exception of Monday, December 13, 2021, during which the restaurant was closed).  Plaintiff worked at least seventy-two (72) hours for Defendants.

20. Plaintiff did not receive any compensation for his work at the restaurant.

21. The U.S. Department of Labor's Wage and Hour Division contacted Defendants in an attempt to collect Plaintiff's outstanding wages.  On August 1, 2022, the U.S. Department of Labor's Wage and Hour Division informed

Plaintiff that Defendants "refused to pay," Plaintiff the compensation he was owed.

22. Plaintiff seeks unpaid compensation for 40 hours per week at the applicable wage of ten dollars ($10.00) per hour, plus the nine hours he worked each on December 18 and 19, 2022. Specifically, Plaintiff seeks no less than five hundred eighty dollars and zero cents ($580.00)[2] in unpaid straight-time compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid straight-time wages of one thousand one hundred sixty dollars and zero cents ($1060.00), plus attorney's fees and costs.

**COUNT 2- Violations of the overtime wage provisions of the FLSA**

23. During of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was not compensated for any work. Plaintiff worked at least nine hours per day (typically 3:00 p.m. to 12:00-1:00 a.m.), during the week of December 11 (with the exception of Monday, December 13, 2021, during which the restaurant was closed). Plaintiff did not receive any compensation for hours worked in excess of forty during the week of December 11-December 17, 2021.

24. Plaintiff seeks unpaid overtime compensation for at least 14 hours per week at the applicable overtime wage of five dollars and zero cents ($5.00) per hour.

---

[2] 9 [hours per day] X $10.00 [per hour] X 8 [days]

Specifically, Plaintiff seeks no less than seventy dollars and zero cents ($70.00)[3] in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of one hundred forty dollars and zero cents ($140.00), plus attorney's fees and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid straight-time and overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation due which the Defendants unlawfully used instead as working capital of the business, for a total of one thousand two hundred dollars and zero cents ($1,200.00);

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

---

[3] 14 [overtime hours] X $10.00 [per hour] X 0.5 [overtime rate]

Respectfully submitted this 9th day of September, 2022.

> */s/ Tyler B. Kaspers*
> Tyler B. Kaspers, Ga. Bar No. 445708
> THE KASPERS FIRM, LLC
> 152 New Street, Suite 109B
> Macon, GA  31201
> 404-944-3128
> tyler@kaspersfirm.com
>
> Counsel for Plaintiff